**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Earl A. JOSEPH, Defendant–Appellant.**

No. 05–10683.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Dec. 4, 2006.

Matthew A. Lamberti, Asst. U.S. Atty., USSJ—Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Warrington S. Parker, III, Esq., Heller Ehrman, LLP, San Francisco, CA, for Defendant–Appellant.

Before: TASHIMA and McKEOWN, Circuit Judges, and CARTER,* District Judge.

MEMORANDUM **

Earl A. Joseph appeals his jury convictions deriving from his participation in four bank robberies dating from January 1996 to April 1996. A jury convicted him on two counts of aiding and abetting armed bank robbery, in violation of 18 U.S.C. §§ 2(a), 2113(a), (d); two counts of aiding and abetting the use of a firearm in violation of 18 U.S.C. §§ 2(a), 924(c) in relation to those two armed bank robberies; and two counts of aiding and abetting bank robbery in connection with the remaining two robberies, in violation of 18 U.S.C. §§ 2(a), 2113(a). The District Court sentenced Joseph to 384 months in prison for these crimes. Because the parties are familiar with the underlying facts and procedural history of the case, we do not recite them here.

Joseph now appeals on three grounds. We address each of these seriatim.

A. **Sufficiency of the Evidence to Convict Joseph of the Gun Crimes Deriving from the FSC Federal Credit Union Robbery**

■ There is sufficient evidence to support a conviction if, "viewing the evidence in the light most favorable to the prosecution," a rational jury could have found the "essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Because Joseph did not move for an acquittal at the close of the evidence, we review only for plain error. *United States v. Delgado*, 357 F.3d 1061, 1068 (9th Cir.2004) (holding that plain error review is deferential, "requiring reversal only . . . to prevent a manifest injustice").

To prove a defendant aided and abetted armed bank robbery, "[t]here must be some evidence that the alleged aider and abettor knew of and intended to aid in the principal's use of a dangerous weapon to assault a person or to put a life in jeopardy before or during that use." *United States v. Dinkane*, 17 F.3d 1192, 1197 (9th Cir. 1994). To prove aiding and abetting the use of a firearm during a crime of violence under 18 U.S.C. § 924(c), the Government must produce evidence that the defendant "directly facilitated or encouraged the use" of a firearm in the robbery. *United States v. Nelson*, 137 F.3d 1094, 1103 (9th Cir. 1998).

In *Nelson*, we reversed the § 924(c) conviction of one defendant where there was no evidence that she directly facilitated or encouraged the use of the firearm during the robbery in question. *Id.* at 1103–04. There the defendant participated in planning the robbery and had knowledge that a gun would be used in its commission. *Id.* at 1104. Recognizing that knowledge a gun would be used by itself is insufficient under § 924(c), we were unwilling to sustain the conviction on appeal because there was no evidence that the defendant took specific action at the scene of the crime or otherwise encouraged or facilitated the firearm's use. *Id.* at 1103–04. That decision enunciates an important distinction in

---

* The Honorable David O. Carter, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

proving the requisite specific intent between mere foreknowledge and an actual act that facilitates or encourages the use of a firearm:

> [I]f a defendant knew before the crime that a gun would be used and acted to facilitate or encourage that use, a jury may more easily be able to infer that the defendant specifically intended to aid the use of the firearm.

*Id.*

As applied to Joseph's case, this distinction is critical. The Government at trial produced a variety of circumstantial evidence through which the jury could have reasonably inferred that Joseph not only knew guns were to be used in the robbery, but that he intended and acted to assist in their use as well. This included extensive evidence that Joseph provided guns for a nearly identically executed robbery with the same two accomplices a month earlier; testimony of an accomplice that he believed the guns for the FSC robbery were obtained from a Camry registered to Joseph; testimony that Joseph kept the Camry at the workplace of his mother-in-law whom he had known for 12–13 years; testimony that Joseph obtained the Camry from his mother-in-law on the day of the FSC robbery and drove it to the bank; evidence that Joseph drove the robbers to the front of FSC while they armed themselves with the guns in Joseph's Camry; and testimony that Joseph then rendezvoused with his accomplices at a safe location after the FSC robbery to split the money. Although no one piece of this evidence standing alone directly establishes Joseph aided and abetted the use of guns, we have long recognized that "aiding or abetting is usually proved by circumstantial evidence." *Diaz–Rosendo v. United States,* 357 F.2d 124, 129 (9th Cir.1966); *see also United States v. Castro,* 887 F.2d 988, 995–96 (9th Cir.1989) (specific intent to aid and abet may be inferred from circumstantial evidence).

Bound as we are to consider this circumstantial evidence in the light most favorable to the prosecution, we conclude it is sufficient to support a jury finding that Joseph directly facilitated or encouraged the use of the guns. *See United States v. Hungerford,* 465 F.3d 1113 (9th Cir.2006) (affirming defendant's § 924(c) conviction where "[d]efendant helped to plan the robberies, she scouted potential targets, she had knowledge that her co-conspirator was carrying out the robberies, and she willingly accepted the proceeds of each of the crimes"). Above all, we cannot conclude that the jury's conviction based on this circumstantial evidence represents a miscarriage of justice, as is required for reversal under the plain error standard governing this appeal. *Delgado,* 357 F.3d at 1068.

█ Beyond challenging the sufficiency of the evidence connecting him to the guns used in the robbery, Joseph additionally maintains that the Government presented insufficient evidence to prove that the guns used in the FSC robbery were real. "Possession of a toy or replica gun cannot sustain a conviction under § 924(c)." *United States v. Westerdahl,* 945 F.2d 1083, 1088 (9th Cir.1991) (citing *United States v. Martinez–Jimenez,* 864 F.2d 664, 668 (9th Cir.1989)).

This argument is meritless. Damian Bates and Elmar Scott, Joseph's accomplices who entered FSC and robbed it, testified that they had guns and did nothing whatsoever to suggest that these guns were not genuine. The jury was also entitled to give credence to an independent eyewitnesses's testimony that "[t]hey weren't fake guns." The same witness testified that when Bates and Scott came into the bank, one of them shot something at the ceiling. A reasonable jury could also have inferred that only a real gun could have inflicted damage as serious as that which

Scott inflicted by striking a bank employee in the head with his gun. Finally, a gun dealer testified that he sold Joseph three real guns before the charged robberies. In sum, there was sufficient evidence that the guns used were real.

## B. Admission of Joseph's Statement to Day Following the Provident Robbery

A district court's evidentiary ruling is reviewed for abuse of discretion. *United States v. Lynch,* 367 F.3d 1148, 1159 (9th Cir.2004). We will reverse an evidentiary ruling for abuse of discretion only where such error more likely than not affected the verdict. *United States v. Pang,* 362 F.3d 1187, 1192 (9th Cir.2004).

Donisha Day, Joseph's former girlfriend, testified that shortly after Bondurant and Lendo, two other of Joseph's accomplices, crashed her blue Acura while fleeing police following the Provident Bank robbery, Joseph came to her and said, "Don't say [my] name, don't say anyone else's name." Joseph objected to the introduction of this evidence at trial on the grounds that it was unduly prejudicial. He now raises the same objection on appeal. Rule 403 of the Federal Rules of Evidence requires exclusion of any evidence where its probative value is substantially outweighed by its unfair prejudice. Fed.R.Evid. 403.

On balance, we conclude that Joseph falls short of demonstrating the district court abused its discretion in admitting the statement in question. His arguments do not sufficiently undercut the statement's probative value and, moreover, he cannot demonstrate that the statement's admission bore a risk of unfair prejudice.

## C. The District Court's Refusal to Grant a New Trial Based on Scott's Post–Trial Recantation

The denial of a motion for new trial based on newly discovered evidence is re-

viewed for abuse of discretion. *United States v. Sarno,* 73 F.3d 1470, 1507 (9th Cir.1995). A defendant bears a significant burden to show that the district court abused its discretion in denying a new trial. *United States v. Endicott,* 869 F.2d 452, 454 (9th Cir.1989).

Federal Rule of Criminal Procedure 33(b) allows a defendant to file a motion for a new trial grounded on newly discovered evidence if such a motion is filed within three years of the guilty verdict in the case. Fed.R.Crim.P. 33(b). Under this Court's test announced in *United States v. Krasny,* "a defendant seeking a new trial on the basis of newly discovered evidence must meet the following requirements: (1) It must appear from the motion that the evidence relied on is, in fact, newly discovered, i.e., discovered after the trial; (2) the motion must allege facts from which the court may infer diligence on the part of the movant; (3) the evidence relied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and (5) must be such as, on a new trial, would *probably* produce an acquittal." 607 F.2d 840, 842–43 (9th Cir. 1979) (emphasis in original) (internal quotation marks omitted). Here, the District Court rejected Joseph's motion for a new trial based on the Scott's recantation, finding that Scott's recantation did not meet the fifth element. Joseph now challenges that ruling.

Joseph's challenge fails because he cannot demonstrate a new trial would probably result in an acquittal. His argument that Scott's recantation breaks apart the consistent story that Bates, Scott, and Marcel Swift, another accomplice, provided at trial ignores the reality that this story was also consistent with the accounts of various other eyewitnesses, Day's testimony, a motel receipt, a rental car receipt, car registration records, the physical evidence in Day's Acura, and other evidence

the Government presented. *See United States v. Gallego,* 191 F.3d 156, 166 (2d Cir.1999) ("[A]ssuming that [the witness] effectively recanted his trial testimony, the jury's verdicts were amply supported by other evidence ..."), *abrogated on other grounds, Crawford v. Washington,* 541 U.S. 36, 64, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). It also ignores that the jury had already heard impeaching evidence regarding Scott, including his admission that he failed a polygraph because he initially lied to the government about the Alliance and FSC robberies, that undermined whatever credibility he had at trial.

In short, the District Court did not abuse its discretion in concluding that Joseph would probably not be acquitted in a new trial. Accordingly, he is not entitled to one.

The judgment of conviction is AFFIRMED.